Dear Representative Buechner:
This opinion is issued in response to the question which you state as follows:
 "Is a meeting between a school district board of education, and its chief executive officer, the superintendent of schools, in order to receive an oral report from him concerning ongoing business subject to the sunshine law or can it be heard in executive session?"
You further elaborated on this question with the following information:
 "It is anticipated that individual board members would be able to ask the superintendent questions concerning district operations and his proposals and recommendations in order to be more properly prepared for the monthly public board meetings.
 "At such a proposed meeting, the board would not enter into a dialogue between board members, no decision would be made, no business would be discussed between board members, and no votes would be taken, either formally or informally."
There is no dispute that a school board is a public governmental body and is subject to the sunshine law, Sections 610.010
to 610.030, RSMo Supp. 1975.
Section 610.010 (3) defines a "public meeting" as:
 ". . . any meeting, formal or informal, regular or special, of any public governmental body, at which any public business is discussed, decided or public policy formulated;"
Section 610.015 provides that ". . . all public meetings shall be open to the public. . ."
Based on the language of these statutory provisions, we must conclude that the meeting you have described should not be closed to the public. In Opinion No. 330 (1973), we ruled that the sunshine law was applicable to informal meetings regardless of whether or not formal or official action is taken. It has consistently been held that remedial legislation such as the sunshine law is to be liberally construed. In Cohen v. Poelker, 520 S.W.2d 50 (Mo. Banc 1975), the Missouri Supreme Court stated, id. at 52:
 "The several sections of Chapter 610, considered together, speak loudly and clearly for the General Assembly that its intent in enacting the Sunshine Law, so-called was that all meetings of members of public governmental bodies (except those described in § 610.025) at which the peoples' business in considered must be open to the people and not conducted in secrecy, and also that the records of the body and the votes of its members must be open."
To be a public meeting, a meeting may be informal, and all that need happen is that public business be discussed or public policy formulated. You have described a situation where no "discussion" would take place between board members, and where the only activity would be that of board members asking questions of the superintendent. We believe that to give the statute such a narrow reading as would exclude meetings wherein public business was addressed by way of questions and answers would defeat the intent of the law. This is particularly true where, as here, the board members may form their opinions and eventually translate these opinions into formal action based on the information presented to them by the superintendent. We perceive no justification under the statute for excluding this aspect of the collective decision making process from public scrutiny.
CONCLUSION
It is the opinion of this office that a meeting of a board of education and its superintendent held to receive an oral report from him concerning ongoing business is subject to the sunshine law.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Sheila K. Hyatt.
Yours very truly,
 JOHN ASHCROFT Attorney General